UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,

        Plaintiff,            CASE NUMBER: 13-14196
                                         HONORABLE VICTORIA A. ROBERTS

v.

BRANCH BANKING AND TRUST
COMPANY,

        Defendant.
                                      /

## ORDER

On October 2, 2013, Brenda Sanders filed a *pro se* Complaint against Branch Banking and Trust Company ("Branch Banking"). In her Complaint, Sanders says: (1) Branch Banking fraudulently obtained ownership of property located at 115 Sand Bar Lane in Detroit, Michigan (the "Property"); (2) she is a tenant at the Property; and (3) Branch Banking is attempting to evict her from the Property. Sanders asks the Court to stay a Michigan 36th District Court summary proceedings action and determine the proper owner of the Property. On October 11, 2013, Sanders filed an Emergency Motion for a Stay of Proceedings and/or Temporary Restraining Order.

Sanders' motion relates to the eviction action against her in Michigan 36th District Court. *See* Case No. 12-307887-LT (J. Zelenak, sitting by assignment). After Sanders stopped making rental payments for the Property, PFG Mortgage Trust I ("PFG") filed the state court action to evict her. In October 2013, Branch Banking replaced PFG as plaintiff. *See* Exhibit E to Sanders' Emergency Motion.

On October 2, 2013, the State Court entered a judgment against Sanders that

"resolves the last pending claim and closes this case." *Id.* The state court judgment also indicates that Branch Banking is entitled to possession of the Property and is entitled to back rent from Sanders. *Id.*

Sanders asks the Court to: (1) enjoin Branch Banking from seeking and executing an eviction order; and (2) determine the true owner of the Property.

Sanders' Complaint is **DISMISSED**. Additionally, Sanders' Emergency Motion to Stay the state court proceeding is **DENIED**.

First, Sanders alleges no basis for federal subject matter jurisdiction. She does not allege a violation of a federal right or federal statute. Likewise, Sanders does not allege complete diversity between the parties. In addition, Sanders fails to allege that the amount in controversy exceeds $75,000. Therefore, the Court lacks subject matter jurisdiction over this action. On this basis alone, the Court must dismiss Sanders' complaint.

Furthermore, Sanders previously filed a similar action in this Court. *See* Case No. 11-cv-13884-GER-MJH. In September 2011, after PFG filed the action in state court, Sanders filed an action in this Court against PFG to stop her eviction. *Id.* In that action, Sanders alleged a violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, as well as various state law claims. On February 29, 2012, the Court dismissed with prejudice Sanders' claim under the Fair Housing Act for failing to state a claim under Fed. R. Civ. P. 12(c); the Court also dismissed Sanders' state law claims – after declining to exercise supplemental jurisdiction over them. *See Sanders v. PFG Mortg. Trust I*, 2012 WL 666799 (E.D. Mich. Feb 29, 2012). The Sixth Circuit affirmed the

2

Court's Order dismissing Sanders' action.  *See* Case No. 11-cv-13884, Dkt # 24. Accordingly, state court is the correct forum for Sanders to assert the state law claims.

Finally, according to the Rooker/Feldman Doctrine, federal district courts do not have jurisdiction to review state court judgments; that review rests only with the Supreme Court.  *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998)("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.").  Therefore, based on the 36th District Court's October, 2, 2013 judgment, this Court cannot review, or interfere with, the state court's adjudication of the underlying issues.

Accordingly, the Court **DISMISSES** this action for lack of subject matter jurisdiction.  Sanders' Emergency Motion for a Stay of Proceedings and/or Temporary Restraining Order is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 21, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Brenda K. Sanders by electronic means or U.S. Mail on October 21, 2013.

S/Carol A. Pinegar
Deputy Clerk

3